◼ RALPH A. DICKERSHAID et al., Respondents, v ALBANY LADDER COMPANY, INC., Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Brown, J.), entered March 20, 1985 in Schenectady County, which partially granted plaintiffs' motion for a protective order.

On September 28, 1982, plaintiff Ralph A. Dickershaid sustained severe personal injuries in a fall from a scaffold when the wood plank upon which he was standing broke. Suit was thereafter commenced against defendant, the alleged supplier of the plank, by Ralph Dickershaid and his wife.

Defendant has since responded to plaintiffs' 46 interrogatories which sought, in part, information on all rough spruce planks purchased and sold by defendant from June 30, 1970 through June 30, 1975. In August 1983, defendant's expert visually inspected and photographed the scaffolding plank and later took a sample thereof for testing. Defendant's January 1985 discovery notices seeking reexamination of the plank to determine its "grade and quality" and for production at plaintiffs' examination before trial of "[a]ll books of the company operated by Ralph Dickershaid showing purchases (purchase journal or equivalent document) as well as any and all invoices of lumber purchases or other documents evidencing purchase of lumber" prompted plaintiffs to move for a protective order. Special Term vacated defendant's notice for discovery and inspection of the broken wood plank and limited disclosure to "all books, invoices or other documents of the company operated by Ralph Dickershaid evidencing the purchase of wood planking during the two years preceding the date of the accident".

Defendant maintains herein that Special Term's order prejudicially restricts its discovery with respect to the crucial issue in this lawsuit, the identity of the supplier of the plank. Initially, we find Special Term's refusal to permit defendant to reinspect the plank perfectly appropriate. Defendant's attorney justified this request with the bald assertion that "it is vital for the defense of this action that we determine the *grade* and *quality* of the lumber used in the plank" (emphasis in original). However, defendant has already had the opportunity to examine and test the plank and, more importantly, has failed to convincingly explain the need to have still another expert do so.

As for the books and purchase records to be produced, the time frame should be altered. Although the record is not particularly helpful in this area, we are of the view that plaintiffs, by seeking discovery of defendant's records from June 30, 1970 to June 30, 1975, implicitly concede thereby that wood plank purchases during that period are relevant and material. The time frame for defendant's request should be similarly circumscribed. In addition, if the plank at issue was purchased from defendant in another year, plaintiffs shall also furnish defendant with the names of suppliers from whom wood planking was purchased within that year by the company operated by Ralph Dickershaid.

Order modified, on the law and the facts, without costs, by deleting from the last decretal paragraph thereof the follow-

ing language, "during the two years preceding the date of the accident, September 28, 1982", and in lieu thereof inserting the following language, "during the period from June 30, 1970 to June 30, 1975. Additionally, if the date it is claimed the wood plank was purchased from defendant falls outside that period, plaintiffs shall furnish defendant with the names of suppliers from whom wood planking was purchased that year by the company operated by Ralph Dickershaid.", and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.