■ JOHN ZILLANTE et al., Respondents, v PUTNAM ROLLING LADDER CO., INC., Appellant.—Order, Supreme Court, New York County (Martin Evans, J.), entered December 4, 1987, which denied the motion of W. W. Babcock Company to inspect an allegedly defective ladder, without prejudice to renewal should Babcock become a party to the action and upon delivery to the plaintiff's attorney of a copy of the report made following an examination of the said ladder by defendant Putnam, modified, on the law and the facts, to vacate the requirement that a copy of the report of the first examination be delivered to plaintiff's attorney and otherwise affirmed, without costs.

This is a negligence action in which plaintiff John Zillante alleges that he was injured when he fell from a defective ladder manufactured by Babcock on or about May 4, 1983. The ladder is now in plaintiff's possession. It was allegedly sold to plaintiff's employer, the New York City Health and Hospitals Corporation, by the defendant Putnam Rolling Ladder Company. Although Putnam's insurance carrier began the defense of the action, said insurance company went into liquidation. Subsequently, Babcock's insurer assumed the defense of the action and Babcock now seeks to examine the ladder. Despite its legal representation, Babcock is not a party to the action and the motion court properly denied the motion for inspection.

The motion court should not, however, have conditioned any renewed motion on the delivery of the first inspection report made by defendant Putnam. CPLR 3101 (d), as it read at the time of the alleged accident, did not require that the report of an expert be disclosed to another party "unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship". No such showing was made here. Concur—Carro, Asch, Wallach and Smith, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm.

The motion court adopted the report of the Special Master, which reads as follows: "Motion for re-examination of ladder in question denied without prejudice to application for such examination by W.W. Babcock & Co. in the event it becomes a party to this action and without prejudice to renewal of this motion upon delivery to P's attorney of a copy of the report of

the first examination." While neither party is satisfied with the determination, it is the defendant who appeals.

The ladder in question was manufactured by Babcock and supplied to the defendant, which sold it. Babcock's insurer has assumed a defense of the action.

The plaintiff contends that the case of *Dickershaid v Albany Ladder Co.* (116 AD2d 805 [3d Dept 1986]) is controlling insofar as an expert for the defendant made an inspection of the ladder, and the court refused to allow a second inspection. The defendant here, Putnam, attempts to distinguish that case by stating now that there is a new party. However, Babcock, at this stage, is rather a nonparty.

The court quite properly denied the Babcock examination until it becomes a party, but conditioned a renewal of the motion upon delivery to the plaintiff's attorney of a "copy of the report of the first examination."

The plaintiff complains that under no circumstances should there be a second examination, and the defendant appeals, objecting to the requirement of delivery of the expert first inspection report.

The IAS court has the discretion to allow a motion to be repeated on conditions. There was no abuse of discretion here, and I would affirm.